*R. G. Hartsfield, D. R. Bryan, W. V. Custer & Son,* contra.

20692. PORTER, *alias* JORDAN *v.* THE STATE.

BLOODWORTH, J. The evidence which connected the accused with the crime of which she was accused was entirely circumstantial in its nature; and the court erred in charging the jury that "The State not only depends upon direct or positive evidence, but it relies upon circumstantial or indirect evidence, to convict the defendant." In *Martin* v. *State*, 10 *Ga. App.* 798 (3) (74 S. E. 306), this court held: "Where in a criminal case all the evidence is circumstantial, it is erroneous to charge in such a way as to leave the impression that there is direct evidence against the accused." It was shown on the trial that the accused made an incriminating admission; but there was no proof of a confession. A confession would have been direct evidence; but, as was said by Evans, P. J., in *Thomas* v. *State*, 143 *Ga.* 270 (84 S. E. 587), an incriminating admission is "to be considered along with *other circumstances* in inferring the guilt of the accused."

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*

DECIDED OCTOBER 8, 1930.

*W. V. Custer & Son,* for plaintiff in error.

*F. E. Strickland, solicitor,* contra.