### 27295.  JACKSON *v.* THE STATE.

DECIDED JANUARY 18, 1939.

*R. S. Foy,* for plaintiff in error.
*Joe L. Houston, solicitor,* contra.

MACINTYRE, J. The judge charged the jury: "A reasonable doubt . . is such a doubt as the word itself might imply,—it is a doubt with a reason. It may grow out of any fact or circumstance connected with the case whereby the mind is not satisfied, or left wavering, unsettled. If you have and entertain such a doubt in your mind you would of course give the defendant the benefit of it and you would acquit him. You would not have the right, I charge you, gentlemen, to create for yourselves a vague or artificial or fictitious doubt for the purpose of arriving at an acquittal, but the doubt must be real, fair, and honestly entertained on your part." The defendant in his objection states that the court committed error "in restricting the meaning of reasonable doubt to such instances as those in which a juror finds an affirmative reason, and then especially when followed with the latter expression that he would not have the right to create for himself a fictitious reason or fictitious doubt; when both these errors are combined together they become especially erroneous and deprive the plaintiff in error of the plain statute that the evidence should show his guilt beyond a reasonable doubt." The instruction was not error for any reason assigned. Instructions substantially the same as that given in the instant case on the subject of reasonable doubt have many times

been approved by our Supreme Court. *Hudson* v. *State,* 153 *Ga.* 695, 703 (12) (113 S. E. 519); *Wall* v. *State,* 153 *Ga.* 309 (6) (112 S. E. 142); *Arnold* v. *State,* 131 *Ga.* 494 (62 S. E. 806); *Connell* v. *State,* 153 *Ga.* 151 (2) (111 S. E. 545); *Merritt* v. *State,* 152 *Ga.* 405 (110 S. E. 160); *Lumpkin* v. *State,* 152 *Ga.* 229 (109 S. E. 664); *Bonner* v. *State,* 152 *Ga.* 214 (109 S. E. 291); *Williams* v. *State,* 156 *Ga.* 285 (119 S. E. 614). There being no merit in this ground and it being the only one relied on by the plaintiff in error, the judgment is

*Affirmed. Broyles, C. J., and Guerry, J., concur.*