## 34666. JONES v. THE STATE.

CARLISLE, J. Under an indictment for the murder of Willie Frank Jones, Bertha Jones was convicted of voluntary manslaughter and sentenced to serve a minimum and a maximum of 20 years in the penitentiary. Her motion for new trial, based on the usual general grounds and five special grounds, was overruled, and she has appealed to this court for a review of the errors assigned.

1. It did not constitute reversible error for the court, in a criminal case, to fail to instruct the jury that "the indictment is not evidence in the case, it has no probative value, you will not consider the finding of this indictment as any evidence of the defendant's guilt," in connection with the following excerpt from the charge: "Gentlemen of the jury, the grand jury of Bibb County has returned an indictment against Bertha Jones, the defendant at the bar, in which she is charged with

the offense of murder, in the form and manner alleged in this indictment, which indictment you will have out with you, gentlemen, and which will be available to you for your inspection," where, immediately following the quoted excerpt, the court charged: "To this indictment the defendant has entered her plea of not guilty, and the indictment on the one hand and the plea of not guilty on the other, form the issue which you, as jurors, have been impaneled to try. The burden is upon the State in this case to prove to a reasonable and moral certainty and beyond a reasonable doubt every material allegation in the indictment. The defendant enters upon her trial with the presumption of innocence in her favor and this presumption remains with her throughout the trial unless and until it is overcome by evidence sufficiently strong to satisfy you of her guilt, as charged, beyond a reasonable doubt." Nor is the quoted excerpt, upon which error is assigned, subject to the criticism that the grand jury had adjudged the defendant guilty. See, in this latter connection, *Gray* v. *State,* 66 *Ga. App.* 50 (16 S. E. 2d 916). Special ground 1 is without merit.

2. A charge by the court on the defendant's statement to the jury in the exact language of Code § 38-415 is sufficient; and a failure to instruct the jury that it might believe part and reject part of the statement was not erroneous. *Coggeshall* v. *State,* 161 *Ga.* 259, 265 (4) (131 S. E. 57), and citations. Special ground 2 is without merit.

3. Where there is both direct and circumstantial evidence tending to establish the defendant's guilt, it is not error for the trial court to give in charge to the jury the law on circumstantial evidence contained in Code §§ 38-102 and 38-109. *Loomis* v. *State,* 78 *Ga. App.* 336, 338 (10) (51 S. E. 2d 33); and see *Porter* v. *State,* 42 *Ga. App.* 221 (155 S. E. 509).

4. Properly construed, special ground 4 assigns error solely upon the ground that, while one of the defendant's witnesses, who had testified as to her good character, was on cross-examination by counsel for the State, he was asked, "Would it affect your opinion of her reputation if you knew that she carried in her bosom a .32 caliber Colt pistol?" There was evidence by at least one witness that the defendant was carrying a pistol around in the bosom of her dress prior to the homicide. The question propounded was a proper one under the circumstances in which it was asked. *Maner* v. *State,* 45 *Ga. App.* 594, 598 (3) (165 S. E. 305), and citations. Special ground 4 is without merit.

5. In special ground 5 error is assigned upon the action of the court in giving the following instructions to the jury, when, after the jury entered upon a deliberation of the case, the jurors returned to the courtroom and their foreman inquired of the court whether or not a defendant serving a specific number of years could be paroled before serving the complete sentence: "I will answer that question for you in this way. It is not a proper concern of the court's or the jury's as to what some other State authority may or may not do in the matter of the case pending before us. It is the duty of this jury to fix, *if the jury finds the defendant guilty,* to fix the punishment which the defendant should receive. If the jury finds the defendant guilty of murder without a recommendation to mercy, that would mean that the defendant

would be sentenced to death by execution or execution by electrocution, I should say. If the jury finds the defendant guilty of murder and recommends him to mercy, that would mean, as a matter of law, he would be sentenced by the court to serve in the penitentiary of this State for and during the remainder of her natural life. If you, gentlemen, find the defendant guilty of voluntary manslaughter, you will then proceed to fix a punishment, or the punishment, which he, or she it is, should receive by fixing a minimum and maximum penalty within the limits prescribed by law, those limits being not less than one and not more than twenty years. You may fix any term of punishment within those limits. And if you find the defendant guilty of voluntary manslaughter, the exact term of punishment fixed by you in your verdict will be the exact term of punishment fixed by the court in its sentence. As I have instructed you, gentlemen, in that event you would fix a minimum and a maximum penalty. And if you found the defendant guilty of voluntary manslaughter and fixed a minimum and maximum penalty, that would mean, gentlemen, that the defendant, after serving the minimum fixed by you—I would put it this way, that would mean that the proper authority of the State shall fix rules and regulations whereby the defendant after serving the minimum punishment fixed by you may be allowed to serve the remainder outside of the penitentiary. But insofar as any question of parole is concerned, that is a matter which does not address itself to the consideration of the juries or to the court and it is a matter with which we are not properly concerned, and those matters are by law vested under the jurisdiction of another department of the State or another division of the State or another agency of the State and it is not our legitimate concern as to what they may or may not do." There is no error in this recharge by the court. In *Weeks* v. *State*, 63 *Ga. App.* 773, 777 (11 S. E. 2d 670), it was held that the court should charge so that the jury may know the effect of the sentence. As stated by the court, it is the law of this State that the defendant in a criminal case may, upon conviction and after serving his minimum sentence, be paroled to serve the remainder of his sentence outside the confines of the penitentiary (*Matthews* v. *Everett*, 201 *Ga.* 730, 736, 41 S. E. 2d 148), and the court did not err in so instructing the jury upon the subject at their request. See, in this general connection, *Strickland* v. *State*, 209 *Ga.* 675 (75 S. E. 2d 6). Nor is the recharge subject to the criticism that it overemphasized the guilt and not the innocence of the defendant. The court specifically prefaced the charges on punishment with the condition, "If the jury finds the defendant guilty."

6. The statement in the brief in this court that counsel for the defendant do not insist upon, but do not abandon the general grounds of the motion for a new trial, is construed to mean that, while they do not expressly abandon those grounds, they impliedly do so. A general insistence upon the grounds would have been all that was necessary to compel a review of those grounds (Code § 6-1308); and there being no general insistence either in the brief or upon oral argument, the general grounds are treated as impliedly abandoned.

*Judgment affirmed. Gardner, P. J., and Townsend, J., concur.*

DECIDED JUNE 9, 1953.

*Thomas W. Johnson, H. T. O'Neal, Jr.,* for plaintiff in error.
*Wm. M. West, Solicitor-General, Chas. F. Adams, Assistant Solicitor-General,* contra.