28233. BATTLE v. THE STATE.

GUNTER, Justice. This appeal asserts and insists upon only one error alleged to have been committed in the trial court, that error being that the charge of the court on the subject of conspiracy was prejudicial to the appellant and an erroneous charge requiring the grant of a new trial.

The appellant was indicted for and convicted of armed robbery. He was not charged with conspiracy. However, the evidence shows that two persons committed an armed robbery; the appellant was positively identified as one of the two persons committing the robbery by the victims; and there was evidence that the two parties committing the robbery acted in concert.

Code Ann. § 26-801 provides that every person concerned in the commission of a crime is a party thereto and may be charged with and convicted of commission of the crime. This Code section also provides in Subsection (b) that a person is concerned in the commission of a crime if he "intentionally aids or abets in the commission of the crime." Code § Ann. 26-802 provides that any party to a crime who did not directly commit the crime may be indicted, tried, convicted, and punished for the commission of the crime upon proof that the crime was committed and that he was a party thereto.

By virtue of these provisions of the Criminal Code of Georgia we hold that where the evidence in a criminal case shows that two or more persons were concerned in the commission of an alleged crime, it is not harmful error for the trial court to charge in the

language of these provisions of the Code or to charge the jury on the law of conspiracy.

The trial court's charge in this case, alleged to be prejudicial and erroneous, was neither prejudicial nor erroneous.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 31, 1973 — DECIDED DECEMBER 3, 1973.

*Miles B. Sams,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, Isaac Jenrette, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, B. Dean Grindle, Jr., Deputy Assistant Attorney General,* for appellee.