### 48964. GOODE v. THE STATE.

Stolz, Judge. The defendant appeals from his conviction of violation of the Georgia Drug Abuse Control Act by the possession of marijuana. *Held:*

1. In this case tried before the judge without a jury, the trial judge's overruling of the defendant's motion to dismiss made at the close of the state's evidence, enumerated as error on appeal, was analogous to a refusal to direct a verdict of acquittal, which was not error here because a verdict would not have been demanded as a matter of law. See *Munsford v. State,* 129 Ga. App. 547 (3) (199 SE2d 843), citing *Merino v. State,* 230 Ga. 604 (1) (198 SE2d 311).

2. The evidence here is that the defendant and his roommate rented and occupied a house and that a number of other persons "crashed," or lived temporarily, there only at irregular intervals. Upon executing the search warrant, at which time no occupants were present in the house, the police officers found on a living room table top a partially burned marijuana cigarette, two bags of marijuana seeds, two plastic bags of marijuana, and a cardboard box apparently being used to dry the marijuana leaves; three or four marijuana plants were found growing in the back yard alongside a fence. The defendant denied knowledge of any marijuana on the premises, either inside or outside, and testified that he had smoked marijuana and "imagined" he knew what growing marijuana plants looked like.

"It is well settled that where contraband is found in a house the presumption is that such contraband was possessed by the head of the household. *Barron v. State,* 46 Ga. App. 829 (169 SE 323); *Thomas v. State,* 99 Ga. App. 25 (107 SE2d 687). However, where others, not members of the defendant's household, live there and have equal access to the same, this rule cannot be applied. *Toney v. State,* 30 Ga. App. 61 (116 SE 550); *Harper v. State,* 85 Ga. App. 252 (3) (69 SE2d 102); *Gee v. State,* 121 Ga. App. 41 (172 SE2d 480); *Ivey v. State,* 226 Ga. 821, 824 (177 SE2d 702)." *Reed v. State,* 127 Ga. App. 458 (1) (194 SE2d 121). While this "equal access"

rule may be applicable with reference to the loose, portable quantities of contraband found inside the house, it is not properly applicable to the marijuana plants growing outside, which require a period of months to grow, mature, and be harvested. In order to sustain the judgment of conviction, the evidence need not exclude *every* inference or hypothesis except the guilt of the accused, but only *reasonable* inferences and hypotheses, so as to justify the inference, beyond a reasonable doubt, of guilt. It was the duty of the trial judge, as the trior of fact, to determine if there was sufficient evidence, direct or circumstantial, to require a judgment of guilty. See *Townsend v. State,* 127 Ga. App. 797 (2) (195 SE2d 474) and cits.

It is not a reasonable hypothesis that the present defendant was completely unaware of both the growing marijuana plants outside and the loose marijuana inside on premises of which he was a co-tenant and away from which premises he was not shown to have been for any extended period of time. The trial judge, as the trior of fact, was justified in inferring that the defendant had possession of the contraband either by having planted it solely or jointly, or by acquiescing in its existence, either in its harvested or unharvested state or both, on the premises jointly rented by him.

*Judgment affirmed. Hall, P. J., and Deen, J., concur.*

Argued January 17, 1974 — Decided January 25, 1974 —
Rehearing denied February 6, 1974.

*Anthony E. Gilles, Albert M. Horn,* for appellant.

*Richard Bell, District Attorney, Edward H. Kellogg, Jr., Leonard W. Rhodes,* for appellee.