## 31758. EVANS v. THE STATE.

HILL, Justice.

The defendant was convicted by a jury of two counts of armed robbery. He complains of the evidence admitted against him at trial. He contends that the identification testimony by the victims and witnesses was constitutionally prohibited. He also contends that the gun, credit cards and money found in the car in which he and two other men were apprehended were not shown to have been in his possession.

From the evidence introduced which is not challenged by the defendant, the jury was authorized to find that a man entered a grocery on Howell Mill Road in Fulton County near the I-75 expressway to find a rest room. The clerk informed him the store had no public rest rooms and he left. He returned in five minutes, pulled a gun and demanded money. While the clerk filled a bag with the contents of the cash register, the man held the gun to a customer's back. He then forced the bag of money and the gun into the customer's purse and fled carrying the purse.

The driver of a pickup truck, delayed on the expressway by the afternoon rush hour, saw a man run down the entrance ramp carrying a brown purse over his shoulder and enter a waiting car. The car then entered the expressway in front of the pickup truck. As the car crossed the Chattahoochee River bridge, the purse was thrown

out. The driver of the pickup called the police on his citizens band radio. He reported what he had seen and gave a description of the car. He kept the car in sight until police arrived. The defendant and two others in the car were arrested. Money and two guns were found in the car as well as credit cards later identified as belonging to the customer whose purse was stolen.

1. The clerk and the customer identified the defendant in a seven man lineup held the night after the robbery and identified him in court as the man who robbed them. There is no showing that the lineup was suggestive or that it created a substantial likelihood of irreparable misidentification. *Mitchell v. State,* 236 Ga. 251 (2) (223 SE2d 650) (1976); *Heyward v. State,* 236 Ga. 526 (1) (224 SE2d 383) (1976).

2. A driver at an intersection near the grocery store testified that she saw a man run across the street with a woman's brown purse. She noticed him when a car in front of her jammed on its brakes to avoid hitting him. The man continued running toward the expressway. The witness testified that after she arrived at court to testify she was shown a picture of the lineup. Although she picked the defendant from the photograph, she was not told whether she had selected the right person. She later identified the defendant in court. Relying on the right to counsel at post-indictment lineups (United States v. Wade, 388 U. S. 218 (87 SC 1926, 18 LE2d 1149) (1967) and Gilbert v. California, 388 U. S. 263 (87 SC 1951, 18 LE2d 1178) (1967)), defendant asserts that his counsel should have been present at this photo identification interview. The trial court properly overruled this objection.

In United States v. Ash, 413 U. S. 300 (93 SC 2568, 37 LE2d 619) (1973), several witnesses were shown photographs of Ash immediately before trial and without his counsel. The Supreme Court found that the Sixth Amendment does not grant the right to counsel at post-indictment photographic displays conducted by the government for the purpose of allowing a witness to attempt an identification of the offender.

3. Citing *Blankenship v. State,* 135 Ga. App. 482 (218 SE2d 157) (1975) and *Morris v. State,* 119 Ga. App. 157 (2) (166 SE2d 382) (1969), defendant urges that the

gun, customer's credit cards and money found in the car at the time of arrest of the occupants were inadmissible in that they were not shown to have been in his possession (as opposed to the possession of the others in the car).

*Blankenship* and *Morris,* supra, are not applicable here. In those cases the crimes charged were "possession" crimes, possession of drugs and possession of nontax-paid whiskey. In those cases the drugs and whiskey were admitted into evidence and the question was whether the evidence showed that the defendants on trial had possessed the contraband, or whether others had done so.

In the case before us the defendant was charged with two armed robberies. The stolen credit cards were relevant and hence admissible as evidence tending to show the commission of the crime as well as the identity of the perpetrator and to corroborate the identification testimony of the eyewitnesses. Similarly, the money and gun were circumstantial evidence having the same effect.

The physical evidence found in the automobile in which the defendant was riding was not inadmissible on the ground that other persons had equal opportunity to commit the crime. See *West v. State,* 232 Ga. 861 (3) (209 SE2d 195) (1974). See also *Jung v. State,* 237 Ga. 73 (226 SE2d 599) (1976).

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 3, 1976 — DECIDED JANUARY 27, 1977.

*Jack Dorsey,* for appellant.

*Lewis R. Slaton, District Attorney, Carole E. Wall, Assistant District Attorney, Arthur K. Bolton, Attorney General, Kirby G. Atkinson, Assistant Attorney General,* for appellee.