## 59490. SMITH v. THE STATE.
## 59491. HEARING v. THE STATE.

SHULMAN, Judge.

Co-defendants Hearing and Smith were convicted of the offense of armed robbery. We affirm.

1. Both appellants assert error on the general grounds.

A. Specifically, appellant-Hearing complains that the evidence adduced at trial, showing no more than his mere presence at the scene of the crime (a "Seven-Eleven" store) shortly before the robbery occurred, did not support, as a matter of law, a finding of guilty. See in this regard *Sweat v. State,* 119 Ga. App. 646 (1) (168 SE2d 654).

We must take issue with appellant's interpretation and summation of the evidence. In addition to showing defendant's presence at the Seven-Eleven store just prior to the robbery, evidence introduced at trial also showed that, prior to the robbery, Hearing went into the store with co-defendant Smith; that Smith remained in the store while Hearing purchased a pair of pantyhose; that the co-defendants subsequently left the store together; that they were seen again, a short time later, standing outside the store looking into the store window; that within 5 to 10 minutes after they were observed outside the store, a man, later identified as co-defendant Smith, entered the store (wearing pantyhose over his head) and demanded, at knifepoint, the money from the store's cash register; and that within 45 minutes of the robbery appellants were found and arrested together.

In view of the evidence connecting defendant-Hearing with the commission of the crime of armed robbery, a rational trier of fact could reasonably have found defendant-Hearing guilty beyond a reasonable doubt of the offense of armed robbery. The trial court, therefore, properly entered judgment against defendant-Hearing in accordance with the jury verdict of guilty. See Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); see also *Orr v. State,* 145 Ga. App. 459 (4) (244 SE2d 247).

B. In view of the evidence implicating defendant-Smith in the commission of the crime of armed robbery, including the direct eyewitness testimony identifying Smith as the perpetrator of the crime, we likewise find that the verdict and judgment against Smith was authorized. *Orr,* supra, Division 1.

2. Appellants complain of the trial court's failure to allow defendants additional peremptory strikes, contending that the court's failure to do so constituted an abuse of discretion under Code Ann. § 27-2101.

Since the record shows that defendants did not exhaust the peremptory strikes to which they were entitled, error, if any, in the trial court's refusal to allow additional peremptory strikes was harmless. *Dutton v. State,* 228 Ga. 850 (4) (188 SE2d 794).

3. We likewise find no error in the trial court's denial of co-defendant Hearing's motion to sever. "Since the offense charged in the instant case was not a capital felony, the decision of whether or not to sever the [co-defendant] rested within the discretion of the trial court. Code Ann. § 27-2101; [cit.] In the absence of a showing that the trial court abused its discretion in denying severance, causing defendant to suffer prejudice amounting to a denial of due process, we refuse to disturb the trial court's ruling on appeal." *Jackson v. State,* 153 Ga. App. 462. See also *Cain v. State,* 235 Ga. 128 (218 SE2d 856); *Hall v. State,* 143 Ga. App. 706 (1) (240 SE2d 125).

4. In two separate enumerations appellants assert error in the trial court's failure to grant a mistrial based upon an alleged improper question and a prejudicial remark from the prosecuting attorney, which question and remark allegedly impermissibly placed defendant-Hearing's character in issue. We find no error.

The trial court fully instructed the jury to disregard both the complained of question (sustaining defendant's objection to the question prior to the witness' response) and remark.

The extent of a rebuke and curative instruction is within the discretion of the trial court. *Benefield v. State,* 140 Ga. App. 727 (3) (232 SE2d 89). In view of the immediate and thorough corrective action of the court in the instant case, we cannot say that the court's refusal to grant a mistrial constituted an abuse of discretion. See *Johnson v. State,* 143 Ga. App. 169 (3) (237 SE2d 681). See also *Campbell v. State,* 143 Ga. App. 445 (2) (238 SE2d 576).

5. Appellant-Hearing complains of the trial court's instruction on Code Ann. § 26-801, parties to a crime, arguing that there was no evidence that defendant-Hearing aided or abetted in the commission of the armed robbery. Since the evidence presented at trial, although conflicting, went to prove defendant's complicity in the crime of armed robbery, the trial court was authorized to charge Code Ann. § 26-801. See *Battle v. State,* 231 Ga. 501 (202 SE2d 449).

Moreover, despite the fact that defendant-Hearing was not charged with conspiracy, the trial court's charge on the law of conspiracy did not constitute reversible error.

"[W]here the evidence in a criminal case shows that two or more persons were concerned in the commission of an alleged crime, it is not harmful error for the trial court to charge. . .the jury on the

law of conspiracy." *Battle,* supra.

Finding no error mandating reversal, the judgment of the trial court against both defendants is affirmed.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

SUBMITTED FEBRUARY 14, 1980 — DECIDED APRIL 7, 1980 —

*Charles J. Vrono, Leonard N. Steinberg,* for appellant (Case No. 59490).

*Joseph M. Todd,* for appellant (Case No.59491).

*Robert Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.