## 62947. WELCH v. THE STATE.

BIRDSONG, Judge.

Cruelty to Children. Roger Curtis Welch and his live-in companion, Leola Beeks, were convicted of two counts of cruelty to children. Welch was sentenced to eight years on each count, to be served concurrently. Only Welch is involved in this appeal. Welch enumerates three alleged errors by the trial court. *Held:*

1. Appellant does not contest the sufficiency of the evidence to support the verdict and sentence. That implied concession of the sufficiency of the evidence to support guilt is manifestly appropriate inasmuch as the jury was warranted in believing that Welch and Beeks seriously abused a two-year-old son of Beeks by a previous liaison as well as abusing a 16-year-old girl, with whom Welch admitted a sexual relationship and whom both Welch and Beeks would berate and abuse if and when the teenager did not bring sufficient money from her acts of prostitution back to Welch.

2. The first two enumerations complain that the trial court

erred in denying a motion for severance because of antagonistic defenses and a related enumeration that Welch was denied effective assistance of counsel because of joint representation of competing defendants by the same counsel thus denying him due process of law. We find no merit in either of these enumerations. The record and transcript simply does not support an assertion that the defenses of the two defendants were antagonistic. Ms. Beeks admitted correcting the two-year-old but only when he failed in his toilet training and then only in a gentle, normal manner such as any parent would utilize. She fully corroborated Welch in his contention that he (Welch) never struck or corrected the children. Likewise, while both defendants conceded that they knew that the 16-year-old was engaged in prostitution, each maintained that this was the girl's own choice of conduct, and both denied that they abused her in any way. They were corroborative of each other that the injuries which appeared upon her body were caused by someone other than either of the defendants. Thus, we can find no indication of antagonistic defenses nor any curtailment of cross examination because of dual representation by the same counsel. See *Johnson v. State,* 158 Ga. App. 183, 185 (279 SE2d 483); *Montgomery v. State,* 156 Ga. App. 448, 452 (275 SE2d 72). Moreover, nowhere in this record does it appear that Welch ever raised the issue of improper dual representation until on a motion for new trial. Such an objection comes too late and presents nothing to this court to review. *Brown v. State,* 247 Ga. 298, 299 (2) (275 SE2d 52).

3. In his third enumeration of error, appellant argues that the trial court erred in charging upon the legal theories of parties to the crime and conspiracy. We find no merit in this enumeration. The evidence clearly demonstrated that each defendant was aware of the acts of the other and by their conduct shared in the course of conduct either in tacit agreement or in apparent support of each other. In such a factual setting, it is not error to charge on the theory of accessory before the fact or conspiracy. *Whitaker v. State,* 246 Ga. 163, 167 (269 SE2d 436); *Smith v. State,* 154 Ga. App. 258, 259 (5) (267 SE2d 863).

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED FEBRUARY 26, 1982.

*Charles R. Floyd, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, John Turner, Assistant District Attorneys,* for appellee.