64025. HAYES v. THE STATE.

BIRDSONG, Judge.
Robert Lamar Hayes was convicted of burglary and sentenced to serve 20 years. He enumerates four alleged errors. *Held:*
1. The facts show that Hayes went to an auto parts wholesaler (Hines) and offered to sell motor oil in large quantities at a price substantially below wholesale. On July 4 or 5, an automotive parts wholesaler (Sellers, Hayes' previous employer) had its place of

business broken into and approximately 250 cases of different brands of motor oil were stolen. On July 4, Hayes rented a U-Haul truck for two days. On July 4, Hayes drove back to Hines' place of business driving a U-Haul trailer and sold to Hines approximately 225 cases of various brands of motor oil for $1,740. Some of these cases had identifying marks on them that irrefutably established they had come from Sellers' burglarized premises. At trial, Hayes' accomplice testified that he and Hayes had broken into Sellers' place of business and stolen many cases of motor oil which they had transported in a U-Haul trailer and sold to another auto parts dealer. This accomplice testified that a third person had actually entered the premises from the roof. Testimony was elicited that after it became known locally the oil burglary had been solved, appellant Hayes and others including a female friend went to the State of New York. Hayes was located in New York, arrested and returned to Georgia for trial. Hayes was represented by counsel as early as February or early March before trial in May, 1981. This counsel talked with the female who accompanied Hayes to New York on several occasions by telephone but did not seek to have her return to Georgia to testify in Hayes' behalf. On the day before trial and the day of the trial, counsel for Hayes sought a continuance to obtain the female witness because she "possibly" might testify that Hayes was with her at another location at the time the burglary was committed. This potential testimony came to counsel's attention because Hayes' ex-wife mentioned such a possibility. The missing witness was never questioned by appellant's counsel during any telephone conversations concerning this potential alibi. Neither the ex-wife nor others who could have corroborated this alibi were ever called, though the appellant did testify equivocally to such a possible alibi. The trial court denied the motion for continuance.

2. We have carefully examined the record and transcript. Under the circumstances of this case we conclude the trial court did not err in denying a motion for continuance. *Pulliam v. State,* 236 Ga. 460, 462 (224 SE2d 8); *Ware v. State,* 137 Ga. App. 673, 676 (224 SE2d 873). Likewise, we find no merit in the contention the trial court erred in failing to suppress an in-court identification allegedly because there had been an earlier suggestive photographic display to the identifying witnesses. These witnesses testified that the identification was based upon their observation of the appellant at the time of the offer to sell and the subsequent sale of the oil. *Evans v. State,* 238 Ga. 254, 255 (2) (232 SE2d 533); *Burrell v. State,* 239 Ga. 792, 793 (239 SE2d 11). Nor can we find any merit in appellant's assertion the trial court erred in giving a charge on the law of conspiracy. There was evidence that two or more persons

participated in the burglary. Under such circumstances, it is not error to charge on the law of conspiracy. See *Stroud v. State,* 154 Ga. App. 852 (2) (270 SE2d 69); *Montgomery v. State,* 128 Ga. App. 116, 117 (3) (195 SE2d 784). Lastly, contrary to appellant's assertion of error on the general grounds, we find that, on the evidence before the jury, a reasonable trier of fact could find the essential elements of the crime charged and thus proof of guilt beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JULY 2, 1982 —
REHEARING DENIED JULY 20, 1982 — 

*B. Thomas Conger,* for appellant.
*George C. Floyd, District Attorney pro tem,* for appellee.