## 66048. HENDRIXSON v. THE STATE.

SHULMAN, Chief Judge.

Appellant was indicted for and convicted of the possession and sale of cocaine and marijuana and the manufacture of marijuana, in violation of the Georgia Controlled Substances Act. She now appeals from the judgment entered on the jury verdicts.

1. Much of the state's case against appellant was premised on a conspiracy theory. The state presented evidence that appellant was the lessee and a tenant of the house where all the narcotic purchases took place, and of the land where both growing and concealed marijuana was discovered. A notebook which contained what experts said were memoranda of narcotics transactions written in appellant's handwriting, and from which appellant's fingerprints were lifted, was found in appellant's bedroom, as was a triple beam scale, a purse containing $10,000 which appellant claimed as her property, and a white powdery substance called mannitol, commonly used to dilute cocaine. The bags of cocaine purchased by the undercover agent from two of appellant's co-indictees contained mannitol as well as cocaine. Before one buy, the agent saw appellant with a white substance which was represented to him as cocaine, and the two other contraband sellers/co-indictees informed the purchasing agent at the time of the

sales that appellant was the source of the narcotics.

"The question of the existence of a conspiracy is for the jury to decide. [Cit.] And the existence of a common design or purpose between alleged conspirators may be shown either by direct or circumstantial evidence. [Cit.] Thus, conspiracy may be shown by conduct as well as by direct proof [of] express agreement, by inference as well as deduction from conduct which shows common design on the part of persons charged to act together for the accomplishment of the unlawful purpose. [Cits.]" *Wireman v. State,* 163 Ga. App. 439-440 (295 SE2d 530). The state presented sufficient evidence to authorize jury instructions on conspiracy and parties to a crime (see *Hayes v. State,* 163 Ga. App. 177 (2) (293 SE2d 62); *Smith v. State,* 154 Ga. App. 258 (5) (267 SE2d 863)), and there was sufficient evidence from which a rational trier of fact could conclude, beyond a reasonable doubt, that appellant was involved in a conspiracy to sell narcotics. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

2. Once a showing of the existence of a conspiracy and appellant's membership therein was established, "the door was then open under [OCGA § 24-3-5 (Code Ann. § 38-306)] for the admission into evidence of the declarations of the other conspirators made during the pendency of the conspiracy." *Gilstrap v. State,* 162 Ga. App. 841, 846 (292 SE2d 495). Thus, the statements made by appellant's co-indictees during drug transactions with the agent were admissible and did not need the corroboration required by OCGA § 24-4-8 (Code Ann. § 38-121), since the remarks were not the uncorroborated *testimony* of accomplices. The trial court was correct to deny appellant's motions for directed verdict and for new trial in Counts 3 and 4, which motions were based on appellant's claim of insufficient corroboration of the out-of-court statements of accomplices.

3. Count 2 of the indictment accused appellant and Aubrey Dockins of selling cocaine to the undercover agent. Appellant contends that there was no evidence corroborative of the testimony of her alleged accomplice and, therefore, her motions for directed verdict and for new trial as to this count should have been granted. See OCGA § 24-4-8 (Code Ann. § 38-121). There is, however, a fatal flaw to appellant's reasoning. The accomplice's testimony was corroborated by the testimony of the undercover agent, who stated that Dockins took him to appellant's bedroom to purchase cocaine. There, appellant sat cross-legged on her bed holding in her lap a clear plastic bag containing a white powdery substance, represented to the agent as being cocaine. She informed the agent of the price for the gram he wished to purchase and asked him to leave the room. Several

minutes later, Dockins came from appellant's bedroom with the purchased material, gave it to the agent, took the agent's money, and returned with it to appellant's bedroom. The substance purchased by the agent was subsequently identified as cocaine by analysts at the Georgia State Crime Lab. This evidence was sufficient corroboration of appellant's involvement in the crime. See *Drake v. State,* 241 Ga. 583 (3) (247 SE2d 57).

4. The count of the indictment which accused appellant of manufacturing marijuana was premised on the discovery of two-foot tall marijuana plants growing in pots and in the ground around appellant's home. Appellant argues the "equal access" doctrine in an attempt to foist ownership of the plants from herself. However, "[w]hile this 'equal access' rule may be applicable with reference to the loose, portable quantities of contraband found inside the house, it is not properly applicable to the marijuana plants growing outside, which require a period of months to grow, mature, and be harvested." *Goode v. State,* 130 Ga. App. 791 (2) (204 SE2d 526). See also *Heaton v. State,* 139 Ga. App. 83, 84 (227 SE2d 854). There being evidence that appellant was the lessee of the premises, and the equal access rule not being applicable, there was sufficient evidence presented from which a rational trier of fact could find appellant guilty beyond a reasonable doubt of the manufacture of marijuana.

5. Appellant also argues that the evidence was not sufficient to convict her of possessing the quantity of marijuana found in plastic bags in a hole on the land appellant leased, 310 feet from the house along a well-worn dirt path. The hidden contraband was within the curtilage of the house. *Walker v. State,* 140 Ga. App. 418 (1) (231 SE2d 386). This evidence, coupled with the rebuttable presumption that the lessee of the premises is in possession of all the property found thereon (see *Knighton v. State,* 248 Ga. 199, 200, fn. 1 (282 SE2d 102)), which in this case was not rebutted, was sufficient to support the jury's conclusion that appellant possessed the hidden marijuana.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED JUNE 28, 1983 —
REHEARING DENIED JULY 18, 1983 — 

Timothy P. Healy, for appellant.
V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney, for appellee.