### 69193. GRIER v. THE STATE.
(327 SE2d 849)

BEASLEY, Judge.

Shortly after 7:00 p.m. on February 26, 1982 Debra Reed James was driving toward her house in Millen, Georgia. Driving two to three car lengths ahead of her was her sister, Charlotte Becton, who was returning to her home in Millen after seeing her doctor in Augusta. Ms. Becton testified that the defendant's car came across the centerline when she first saw it top the hill. Defendant's car forced her car off the road but hit her sister's car on the left side near the front quarter panel and continued down the driver's side. Ms. James was killed. State Trooper Brown arrived on the scene at 7:11 p.m. The trooper was of the opinion that defendant's car was two and one-half to three feet across the centerline on James' side. Ms. Becton testified that he was on her side of the road since he topped the hill and she avoided him by driving off the road. Ms. James' car was heading toward the ditch when it was struck by the defendant's car. The trooper said that defendant's speech was slurred, his pupils were dilated, he had a strong odor of alcohol, and he staggered when he walked. A blood test showed a blood alcohol level of 0.31 grams percent of alcohol, three times the presumptive level of driving under the influence. OCGA § 40-6-392 (b) (3).

The defendant, Barry Lynn Grier, appeals his conviction of driving on the wrong side of the road, driving under the influence, and vehicular homicide. *Held*:

The defendant alleges that the trial court failed to provide the jury with proper guidelines for determining guilt or innocence as the charge was neither plain nor clear. He also contends that failure to give a charge that the indictment was not evidence was error and that the charge given on reasonable doubt was not fair or thorough.

The record does not show that counsel for defendant made any requests to charge. It does show that he did not object to any charge given but "reserved the objections." Hence, the trial court was given neither any assistance by counsel nor any opportunity to weigh any objection by counsel to the charge given. In *Spear v. State*, 230 Ga. 74 (1) (195 SE2d 397) (1973), our Supreme Court held: "While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury [cits.], this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with proper guidelines for determining guilt or innocence." Accord *Thomas v. State*, 234 Ga. 615, 618 (216 SE2d 859) (1975).

We have found no omission to charge that is clearly harmful or erroneous as a matter of law. The charge given was full and fair and covered the issues presented. The failure to give a charge, without request, that the indictment is not evidence and has no probative value, is not reversible error. *Jones v. State*, 88 Ga. App. 330 (1) (76 SE2d 810) (1953); *Martin v. State*, 223 Ga. 649 (4) (157 SE2d 458) (1967). Moreover, the court did charge that "notwithstanding the return of this indictment . . ., the defendant enters upon the trial . . . with the presumption of innocence (etc.)." The jury was provided proper guidelines for determining guilt or innocence, and the charge on reasonable doubt was adequate. The charge given is not subject to the objections made. See *Gray v. State*, 66 Ga. App. 50 (1) (16 SE2d 916) (1941); *Jones v. State*, 139 Ga. App. 366 (2) (228 SE2d 387) (1976); *Tuggle v. State*, 165 Ga. App. 53, 54 (299 SE2d 121) (1983); *Williams v. State*, 156 Ga. 285 (9) (119 SE 614) (1923); *Murdix v. State*, 250 Ga. 272, 275 (297 SE2d 265) (1982).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED MARCH 8, 1985.

*Jerry M. Daniel*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.