## 18498. CLARK v. THE STATE.

DECIDED DECEMBER 13, 1927.

Making liquor; from Walker superior court—Judge Maddox. September 2, 1927.

*Henry & Jackson, Rosser & Shaw,* for plaintiff in error.

*J. F. Kelly, solicitor-general, M. Neil Andrews,* contra.

Criminal Law, 16 C. J. p. 642, n. 31; 17 C. J. p. 332, n. 64.

## 18499. CLARK v. THE STATE.

1. The evidence was sufficient to sustain the verdict finding the accused guilty of possessing intoxicating liquor, and the court did not err in overruling the general grounds of the motion for a new trial.
2. In the light of the certificate of the trial judge, the excerpt from his charge, on the presumption as to possession of premises by a husband, as head of the family, does not warrant a reversal.

DECIDED DECEMBER 13, 1927.

Possessing liquor; from Walker superior court—Judge Maddox. August 29, 1927.

*Henry & Jackson, Rosser & Shaw,* for plaintiff in error.

*J. F. Kelly, solicitor-general, M. Neil Andrews,* contra.

LUKE, J. John Clark was convicted of possessing whisky, under an indictment charging that offense alone. The motion for a new trial was based upon the general grounds, and upon a special assignment of error as to the judge's charge.

Clark and his family lived on a farm containing one hundred and ninety acres. On November 6, 1926, the sheriff, his deputy, and two others searched defendant's house and premises for whisky. In the loft of the house were found about five bushels of meal

Criminal Law, 17 C. J. p. 342, n. 90.
Intoxicating Liquors, 33 C. J. p. 761, n. 53.

and sugar estimated by different witnesses to be from one hundred to four hundred pounds, and two copper funnels, one of which one of the witnesses thought smelled like liquor. No liquor was found in the house. Some cans in the smoke-house smelled like liquor. On the defendant's farm in a pine thicket, from one hundred and fifty to three hundred yards east of his house, were found three ten-gallon kegs of whisky. On his place about three-quarters of a mile north of his house, near a branch, was found "an old still place," where were some rocks and bricks. It looked as if a still had been there, but had been torn down. A witness thought it had not been long since the still had been in operation, could not tell how long. Some distance from the "still place" were found two boxes of about sixty to seventy-five gallons capacity each. There was no still, and there was no apparatus or appliance for making whisky. A path to the defendant's house led from the "still place" by a spring located about one hundred yards from his house. According to the State's witnesses, no other path led away from the "still place," while a witness for the defendant testified that a path led in a northerly direction therefrom. A "thump barrel" was found in the branch below the spring. Some scrap copper, empty bottles, and an empty keg were found near the defendant's hog-pen. The defendant denied any knowledge of the whisky found, and asserted his innocence. He stated also: "I was caught on that place on May 31, 1924, with a still. I then plead guilty, and served five month's sentence." There was evidence for the defendant that on the Thursday before the raid, which was on Saturday, four men, none of whom was defendant, were seen unloading whisky from a truck parked on the road east of and about two hundred and fifty yards from the defendant's house, and that three of the men were carrying three kegs into the pine thicket east of the house; and that upon inquiry as to whether there had been a wreck, one of the men said, "No," but that they were "looking for the law," that they had had a time getting through with their liquor. Under the evidence we can not say that the jury were not authorized to find the defendant guilty. The court did not err in overruling the general grounds of the motion for a new trial.

2. The sole special ground of the motion for a new trial complains that the judge, toward the conclusion of his charge, and

at the request of the solicitor-general, instructed the jury as follows: "The husband is the head of the family and is presumed by the law to be in possession of the premises. This presumption is not conclusive, and may be rebutted by evidence, and everything found on the premises is presumed by the law to be in the possession of the husband. That presumption is not conclusive, but may be rebutted by evidence." Under the facts of the case, nothing else appearing, this excerpt would be error requiring a reversal; but, in the light of the court's certificate that he had "previously specifically charged the jury that there could be no conviction unless the defendant knowingly possessed the liquor," this assignment of error is not meritorious.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., dissents.*