## 43820. PARKER v. THE STATE.

FELTON, Chief Judge. 1. In reviewing the ruling on the general grounds of a motion for new trial, all that is necessary for the court to determine is whether or not there is any evidence to support the verdict, the question of which witness or witnesses spoke the truth being entirely for the jury, under a proper charge of the court. *Senior v. State*, 25 Ga. App. 541 (103 SE 730). Here the defendant's conviction for possessing more than one quart of tax-paid liquor in a dry county, in violation of Ga. L. 1937-38, Ex. Sess., pp. 103, 123 (*Code Ann.* § 58-1077), was supported by testimony that a stash of an illegal amount of whiskey was found in some woods on a vacant lot, adjacent to the defendant's premises, 178 feet from his restaurant, on a well-beaten path leading directly to the defendant's place of business; that, although there were other paths in the vicinity, none of them led to the stash; that the whiskey had not been approached from any direction except that of said path, as evidenced by the underbrush surrounding the stash being intact; that there was no fence, wall, or other obstruction in the vicinity of the stash. See *Walker v. State*, 90 Ga. App. 183 (82 SE2d 258) and *Harris v. State*, 104 Ga. App. 796 (123 SE2d 164).

2. The presence on the grand jury indicting the defendant of the justice of the peace who had issued the search warrant leading to the defendant's arrest and indictment, even if an impropriety, had no harmful effect in the subsequent trial before the twelve petit jurors, whose qualifications are not attacked. See *Bloodworth v. State*, 161 Ga. 332 (1) (131 SE 80); *Smith v. State*, 16 Ga. App. 299 (1) (85 SE 207). Special grounds 1 and 2 of the motion for new trial as amended are without merit.

3. The conviction being authorized on the basis of the whiskey stashed on the outside of defendant's place of business, of which there was testimony, if not physical evidence, evidence of legal amounts of whiskey located inside does not make such conviction unauthorized. Special grounds 3 and 5 are without merit.

4. Testimony of lack of knowledge of the ownership of the whiskey or the property on which it was found does not void the conviction, which was authorized by the other circumstantial evidence, as stated in Division 1 hereinabove. Special ground 4 is without merit.

5. Special grounds 6 and 7 complain of alleged technical irregularities in the search warrant. The raising of such technicalities is not favored by the law, especially where the defendant has not timely exercised his statutory right by a motion to that effect to suppress evidence allegedly illegally seized. Ga. L. 1966, pp. 567, 571 (*Code Ann.* §§ 27-312, 27-313). These grounds are, therefore, without merit.

The verdict of guilty was authorized by the evidence and the court did not err in rendering judgment thereon.

*Judgment of affirmance adhered to on rehearing. Eberhardt and Whitman, JJ., concur.*

ARGUED SEPTEMBER 3, 1968—DECIDED OCTOBER 1, 1968—
JUDGMENT ADHERED TO NOVEMBER 15, 1968—REHEARING DENIED
DECEMBER 17, 1968—

*G. Hughel Harrison, Ben R. Freeman,* for appellant.
*Eldridge W. Fleming, Solicitor General,* for appellee.