## 55509. MASON v. THE STATE.

QUILLIAN, Presiding Judge.

Carl Mason, Jr. was convicted of unlawfully possessing with intent to distribute, phencyclidine and marijuana. Deputy sheriffs of the Hall County Sheriff's office executed a search warrant of defendant's premises and his car. The officers followed a "well defined path leading from [defendant's] residence to a wooded area." Under a car tire and wheel they found plastic bags containing marijuana and phencyclidine. Following another path which led to some dead trees, three large plastic bags of marijuana were found under a board. Defendant appeals his conviction. *Held:*

1. Defendant contests the venue of the trial court. He offered testimony that his property was in Lumpkin County. It was not disputed that the property was in Land Lot 12 of the 12th Land District. Defendant's remaining evidence notwithstanding, this fact is conclusive of venue. Land Lot 12 is shown by the state's certified map to be entirely within Hall County. Further, all of the investigating police officers testified that the property

was in Hall County and the Lumpkin County line was 1.1 miles from defendant's house. Venue being in issue, its determination was for the jury. *Stubbs v. State,* 41 Ga. App. 836 (1) (155 SE 100); *Royster v. State,* 108 Ga. App. 269, 271 (132 SE2d 830). We find no merit in this enumeration.

2. The investigating officers found 26 sticks of incense in defendant's home. The officer testified that in his seven years with the police that he had been on approximately 150 drug raids, and "incense ... is found at nearly every drug raid ... They are burned to cover up the odor of marijuana." The court did not err in admitting the incense in evidence. If evidence is of doubtful value, it should be admitted and its determination left for the jury. *Guy v. State,* 138 Ga. App. 11, 13 (225 SE2d 492).

3. Defendant objects to the admission of state's Exhibit 20, found in defendant's automobile when he was arrested. The search warrant authorized the search of the defendant's automobile. The exhibit was a piece of paper which showed in part: "Based on 140 lb. at $20 ounce — $36,400.00; at $15 ounce — $27,300.00; at $160 lb. — $22,400.00...Each gets $3,500.00 less selling half by the lb. Each's Share: at $20 ounce — $18,200; at $15 ounce — 13,650; at $160 lb. — 11,200; at 50-50 — 14,700."

The police drug expert who had participated in "150 to 200" undercover purchases of marijuana in "this area" testified that the cost of marijuana ranged from $15 to $30 per ounce depending on whether the sale was wholesale or retail. To contend that this evidence found in defendant's auto has no relevance to the charge of possessing drugs with intent to distribute is sheer sophistry, undeserving of response by this court.

4. The court charged upon actual and constructive possession in addition to the rebuttable presumption of possession of the owner or lessee of a house of contraband on the premises. Defendant enumerates these charges as error.

The evidence showed that incense and a set of scales, which was graduated in milligrams, grams, and pounds, were found in defendant's home. This capability to weigh minute amounts makes it susceptible to use in weighing small packets of drugs — such as those found by the police.

Although defendant admitted possession of the incense and the scales we do not consider a charge on the rebuttable presumption of possession of a lessee or owner to be error. Further, though the defendant stated that the drugs found were not on his property, the judge stated that he would charge on the presumption of possession of all property on the premises. Counsel for defendant made no objection, nor any request for a limiting instruction.

"While present law exempts the defendant in a criminal case from the strict requirements imposed on litigants in civil cases to preserve an issue on the giving or the failure to give instructions to the jury [cits.] this does not relieve him from the necessity of requesting instructions, or making timely objection in the trial court on the failure to give instructions, except in those circumstances where the omission is clearly harmful and erroneous as a matter of law in that it fails to provide the jury with the proper guidelines for determining guilt or innocence." *Spear v. State,* 230 Ga. 74 (1) (195 SE2d 397). We do not find error harmful to the defendant as a matter of law. The charge was appropriate for a portion of the admitted evidence. If defendant desired limiting or further illuminating instructions, he should have requested them. See *State v. Stonaker,* 236 Ga. 1, 3 (222 SE2d 354).

The finding of state Exhibit 20 in defendant's auto when he was arrested, showing the price of disposition of 140 pounds to be sold at $15 to $20 per ounce, authorized a charge on actual and constructive possession. *Farmer v. State,* 112 Ga. App. 438, 442 (145 SE2d 594); *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872).

5. Defendant testified that the drugs were not found on his property. The fact that contraband is found on property adjacent to the defendant will not preclude conviction for possession of such contraband. *Parker v. State,* 118 Ga. App. 837 (1) (166 SE2d 41). Cf. *Aikens v. State,* 57 Ga. App. 535, 536 (196 SE 263); *Harris v. State,* 86 Ga. App. 607, 608 (71 SE2d 861); *Walker v. State,* 90 Ga. App. 183, 185 (82 SE2d 258). Over the years appellate and trial courts have relied upon the "well-beaten path" theory to sustain criminal convictions for possession of contraband in circumstantial evidence cases. See *Clark v.*

*State,* 37 Ga. App. 496, 497 (140 SE 783); *Rivers v. State,* 38 Ga. App. 140 (143 SE 126); *Craig v. State,* 41 Ga. App. 225 (152 SE 594); *Brown v. State,* 46 Ga. App. 40 (166 SE 454); *Aikens v. State,* 57 Ga. App. 535, supra; *Walker v. State,* 90 Ga. App. 183, 185, supra; *Parker v. State,* 118 Ga. App. 837 (1), supra. In this instance, as in so many cases in the past, there was a well-beaten path leading from the defendant's residence to the caches of contraband. Or, stated in the reverse, paths from the concealed contraband pointed directly to defendant's door. Police encountered no difficulty in following the two paths from the rear of defendant's home to the concealed drugs.

The evidence, though circumstantial, was sufficient to authorize the charge on actual and constructive possession. *Birge v. State,* 143 Ga. App. 632, 638 (239 SE2d 395). We find no merit in this enumeration.

*Judgment affirmed. Webb and McMurray, JJ., concur.*

ARGUED MARCH 7, 1978 — DECIDED JUNE 6, 1978 — REHEARING DENIED JULY 5, 1978 —

*Smith & Bell, William W. Bell, Jr.,* for appellant.
*Jeff C. Wayne, District Attorney, James H. Whitmer, Assistant District Attorney,* for appellee.