### 68905. SHREVE v. THE STATE.
(322 SE2d 362)

DEEN, Presiding Judge.

The appellant, Robert Wayne Shreve, was convicted of a violation of the Georgia Controlled Substances Act for possession of less than one ounce of marijuana. Following his sentence to serve 12 months on probation upon payment of a $1,000 fine, Shreve appeals.

The appellant lived in a mobile home with his wife and children on a corner lot in Nahunta. Also situated on this corner lot, which was estate property of the appellant's wife's late father, were a chicken coop and a house, the latter occupied by the brother and sister of the appellant's wife. The chicken pen stood approximately 30 yards from the back of the appellant's mobile home, and the house was located either 21 feet (according to the appellant) or approximately 25 yards (according to one of the police officers) from the mobile home. Parked near the chicken coop were two junked vehicles owned by another brother of the appellant's wife.

On March 4, 1982, two Brantley County deputy sheriffs executed a search warrant to look for marijuana plants at the appellant's residence. The appellant was at work, but his wife agreed to show one of the deputies where the plants were. As she was leading him around the trailer, however, the other deputy discovered the 46 three-inch-tall marijuana plants growing in wooden containers behind the chicken coop. At trial, the appellant admitted that in the past he had tended the chickens in the coop, but claimed that he had not been to

the coop within the last ten days before the discovery of the contraband. The appellant alone was arrested and charged with possession of the marijuana.

On appeal, Shreve contends that the evidence was insufficient to support the conviction, and that the trial court erred in instructing the jury on the inference of constructive possession. *Held*:

"A connection can be made between a defendant and contraband found in his presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others. *Mitchell v. State*, 150 Ga. App. 44, 46-47 (256 SE2d 652). Such occupation and control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered. See *Mason v. State*, 146 Ga. App. 557 (4) (247 SE2d 118)." *Morris v. State*, 161 Ga. App. 141, 143 (288 SE2d 102) (1982). Under the "equal access" rule, however, the inference of constructive possession which attaches to an owner or lessee of certain premises is rebuttable by an affirmative showing that persons other than the defendant owner or lessee had equal access to the premises where the contraband was found. *Farmer v. State*, 152 Ga. App. 792 (264 SE2d 235) (1979); *Heaton v. State*, 139 Ga. App. 83 (227 SE2d 854) (1976). Where it is affirmatively shown that others had equal access or opportunity to commit the crime, the mere discovery of the contraband on the defendant's premises is insufficient to support a conviction. *Prescott v. State*, 164 Ga. App. 671 (297 SE2d 362) (1982); *Gee v. State*, 121 Ga. App. 41 (172 SE2d 480) (1970).

We note that the equal access rule generally does not apply to cases involving marijuana plants growing on the land outside the owner's or lessee's residence, on the basis that such contraband is stationary and requires "a period of months to grow, mature, and be harvested." *Goode v. State*, 130 Ga. App. 791, 792 (204 SE2d 526) (1974); accord *Hendrixson v. State*, 167 Ga. App. 517, 519 (306 SE2d 350) (1983). However, where the growing marijuana plants are in portable containers and easily moved, as in the instant case, we conclude that the equal access rule remains applicable. See *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983).

In this case, the scant body of evidence showed that the appellant and his family resided in a mobile home which was situated on a lot owned by the estate of the appellant's wife's late father; also situated on the lot was a house inhabited by two siblings of the appellant's wife. It does not appear from the testimony that separate lawns were designated for the house and the appellant's mobile home, and the appellant's testimony was uncontroverted that his wife's brother and sister residing in the house, as well as another brother who had parked two junked cars close to the chicken coop, had as much right

to and control over the entire premises as did he. This was a showing of equal access or opportunity sufficient to rebut the inference of the appellant's constructive possession of the marijuana plants. In this situation, the appellant's failure to identify specific incidents in which the other persons actually had been present at the chicken coop did not render that evidence "speculative." Cf. *Heaton v. State*, supra.

In that evidentiary position, the appellant's conviction, which is supported only by circumstantial evidence, cannot stand unless the evidence excludes every reasonable hypothesis save that of his guilt. Generally, questions of reasonableness are for jury resolution, and this court will not disturb the jury's finding that the evidence was sufficient to exclude every reasonable hypothesis except the defendant's guilt unless the verdict is unsupportable as a matter of law. *Shockley v. State*, supra; see also *Taylor v. State*, 169 Ga. App. 842 (315 SE2d 661) (1984).

Other than the discovery of the contraband on the property shared by the appellant with his wife's siblings, the only evidence possibly connecting the appellant with the marijuana plants consisted of the testimony about the wife's apparent knowledge of the existence and location of the plants, the appellant's testimony that he had tended the chickens in the coop approximately one and one-half weeks prior to the discovery of the contraband, and the appellant's admission of having smoked marijuana years ago during his military tour of duty in Vietnam. The wife's knowledge of the plants may not be mandatorily imputed to the appellant. See *Knighton v. State*, 248 Ga. 199 (282 SE2d 102) (1981); *Mealor v. State*, 134 Ga. App. 564 (215 SE2d 272) (1975). Considering the small size of the plants and their portable condition, along with the number of others who had access to the premises, we conclude as a matter of law that the evidence simply did not exclude the reasonable hypothesis that one of the appellant's wife's siblings (or even the appellant's wife) was responsible for the contraband, unbeknownst to the appellant. Accordingly, the appellant's conviction must be reversed. *Prescott v. State*, supra; *Gee v. State*, supra.

*Judgment reversed. Sognier, J., concurs. McMurray, C. J., concurs in the judgment only.*

DECIDED SEPTEMBER 20, 1984.

*Earl Daniel Smith, Jr.*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Rebecca L. Littleton, Assistant District Attorney*, for appellee.