### 71443. WARD v. THE STATE.
(342 SE2d 373)

BENHAM, Judge.

Appellant was convicted of manufacturing marijuana (OCGA § 16-13-30). He appeals, challenging the sufficiency of the evidence and the denial of a motion for mistrial. We affirm.

1. Appellant argues that he should have been granted a directed verdict of acquittal because the purely circumstantial evidence against him did not establish that he was the person who grew the seven marijuana plants that were found in the garden behind the home he shared with his parents. The following evidence was adduced at trial: Appellant lived with his elderly parents in a house which had a backyard vegetable garden. Appellant's father had broadcast fertilizer on the ground of the garden before it was planted, but otherwise did not work in it; all of the planting and caretaking was done by appellant. His mother picked vegetables from the garden, and in May when she last did so, the plants were not there. The seven plants were found in June in a row between two other rows of vegetables. The area around the plants had been cleared, hoed, and raked, and it appeared that the plants had been recently put into the ground, watered, and fertilized. The plants were approximately 30 feet from the back door of appellant's house, and there was testimony that the only access to the plants was a path that led from the house. There was no evidence that anyone had gained access to the garden by some other means. Both parents testified to the effect that they did not know what growing marijuana looked like until the investigating officers showed it to them. A search of appellant's room in his parents' house produced cigarette rolling papers, plastic bags containing green residue identified as marijuana, a pipe, and a shoe box containing a leafy substance. Appellant's mother testified that whatever was in his room was entirely his and his alone, and that she did not go into his room. Appellant was out of town on the day the search was conducted but returned later that evening.

"To sustain the judgment of conviction, the evidence need not exclude every inference or hypothesis except guilt of the accused, but

only reasonable inferences and hypotheses, so as to justify the inference, beyond reasonable doubt, of guilt. [Cit.] Questions as to reasonableness are generally to be decided by the jury which heard the evidence, and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, the appellate court will not disturb the finding, unless the verdict is unsupportable as a matter of law. [Cits.]" *Butler v. State*, 150 Ga. App. 751, 753 (258 SE2d 691) (1979). We find no error here.

Appellant argues that the "equal access" rule applies to his case and cites *Shreve v. State*, 172 Ga. App. 190 (322 SE2d 362) (1984), in support of that argument. *Shreve* is distinguishable inasmuch as the marijuana plants in that case were in portable containers and easily moved. The court in *Shreve* noted that "the equal access rule generally does not apply to cases involving marijuana plants growing on the land outside the owner's or lessee's residence, on the basis that such contraband is stationary . . . [Cits.]" Id. at 191. The plants in the case before us were not portable, thus negating application of the equal access rule. See also *Shockley v. State*, 166 Ga. App. 182 (303 SE2d 519) (1983).

2. Appellant also contends that he should have been granted a mistrial because of a remark the trial court made in the jury's presence after appellant announced he was resting his case and had a motion to make. The trial court said, "All right, let's let the jury go back to the room a minute. I didn't . . . didn't anticipate this, but . . . I hate to keep moving y'all back and forth, but this is . . ." Having reviewed what transpired before and after the jury retired to its room, we conclude that appellant did not specifically move for a mistrial, but only stated that he wanted to object to the court's comment. He expressed concern that it might be prejudicial, that he really did not know how to correct it, and that to bring it to the jury's attention again might also be prejudicial. The trial court overruled what appellant characterized as a motion and said that any problem would be cured by the giving of its usual jury charge. The trial court charged the jury that appellant was not required to testify and that no inference of guilt should be drawn from his failure to do so, the burden of proof being on the State to prove appellant's guilt. The jury was also charged that nothing the court said during the trial was intended to intimate any opinion of the court about the case. After the charge was given, appellant stated he had no objections to it. Under the circumstances, we find no grounds for reversible error. See generally *Navarra v. State*, 51 Ga. App. 321 (1) (180 SE 375) (1935); see also *Howard v. State*, 173 Ga. App. 585, 586 (327 SE2d 554) (1985).

*Judgment affirmed. Banke, C. J., concurs. McMurray, P. J., concurs in the judgment only.*

Decided March 6, 1986.

*George P. Donaldson III*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.