## A94A2271. WESTON v. THE STATE.
### (456 SE2d 214)

RUFFIN, Judge.

Appellant, Joseph Weston, was tried and convicted of possession of cocaine with the intent to distribute. At trial, the State moved to introduce evidence of Weston's two prior convictions for selling cocaine. The trial court denied the motion and specifically instructed Weston that he was not to go into the convictions regardless of what the State asked him. Despite this warning, Weston testified that he had been in jail for two years during the following cross-examination: "Q. About how much [money] would you make. . . ? A. . . . Sometimes I might bring home $500, sometimes . . . $450. . . . Q. For three years you had been making $450, $500 a week? A. No, I hadn't made that much for the three years because I was in prison for two. So, when I got out — Q. You were in prison for two years? A. That's right. . . ."

Weston contends the trial court erred in allowing the State to introduce copies of the prior convictions for which he was in jail after this exchange. We disagree. In *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988), our Supreme Court held that "[w]here the defendant testifies and admits prior criminal conduct, he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State on cross-examination. [Cit.]" Id. at 759 (1b).

"Assuming [Weston] did not, merely by volunteering that he had been incarcerated, put his character 'in issue' within the meaning of OCGA § 24-9-20 (b) so as to permit rebuttal by the State, he nevertheless raised an issue which may be fully explored by the State on cross-examination. [Cit.]" *Wilkey v. State*, 215 Ga. App. 354, 355 (450 SE2d 846) (1994) (citing *Jones*, supra). See also *Dowdy v. State*, 209 Ga. App. 95 (2) (432 SE2d 827) (1993) (defendant's inadvertent reference to his parole could be fully explored by State, including the crime giving rise to it).

Further, "[s]ince it was [Weston] who introduced the topic on [cross-]examination, he cannot now complain that the prosecutor followed up on [it]. [Cit.]" *Willis v. State*, 214 Ga. App. 659 (448 SE2d

755) (1994).
*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 1, 1995 —
RECONSIDERATION DENIED MARCH 22, 1995.

*Jennifer B. Mann,* for appellant.
Joseph Weston, *pro se.*
*J. Tom Morgan, District Attorney, Gregory J. Lohmeier, Elizabeth G. Macnamara, Desiree L. S. Peagler, Assistant District Attorneys,* for appellee.