## A95A1110. CHILDERS v. THE STATE.
(462 SE2d 412)

RUFFIN, Judge.

Raymond Childers was tried before a jury and convicted of manufacturing marijuana in violation of the Georgia Controlled Substances Act. He appeals from the judgment of conviction and sentence following the denial of his motion for new trial. We affirm.

Viewed in a light to support the verdict, the evidence shows that as a part of the Governor's Task Force on Drug Suppression, officers from various law enforcement and other state agencies conducted aerial and ground reconnaissance in Pickens County. While flying approximately 500-600 feet from the ground, a helicopter pilot, with four years' experience on the task force, spotted suspected marijuana growing "a short distance" from a mobile home and notified the ground crew. The pilot directed them to a pile of trash behind the mobile home, behind which there was a "well used path" leading to the marijuana patch. An agent with the Forsyth, Pickens and Jasper Drug Task Force and member of the ground crew testified that he knew Childers and knew that the driveway to which they were directed led to Childers' mobile home.

The ground crew discovered 64 plants growing in plastic buckets approximately 40 feet from debris at the end of a well-traveled path through thick brush. The debris was situated on the edge of the yard, and the parties stipulated that the buckets were not located on Childers' property. But the mobile home was visible from the marijuana patch, which was approximately 70 feet away. A sample taken from the plants tested positive for marijuana. Childers and his wife were indicted and tried together for manufacturing marijuana. When the jury reached a verdict as to Mr. Childers, the State entered a nolle prosequi on the case against Mrs. Childers.

1. Childers contends the circumstantial evidence did not support the guilty verdict. He argues that the State's reliance on the "beaten path" doctrine was misplaced because there was no evidence tying the marijuana patch to him and the evidence showed others had equal access to the marijuana.

" '(T)he "beaten path" doctrine . . . allows connection of contraband found in close vicinity to a house so as to authorize rational jurors to conclude beyond reasonable doubt that the primary resident of that house owned or had control over the contraband. (Cits.)' [Cit.]" *Blitch v. State*, 188 Ga. App. 487, 488-489 (373 SE2d 227) (1988). "The fact that contraband is found on property adjacent to the defendant will not preclude conviction for possession of such contraband. [Cits.]" *Mason v. State*, 146 Ga. App. 557, 559 (5) (247 SE2d 118) (1978). Contrary to Childers' contention, to support a conviction, it was not essential that there be evidence linking him to the mari-

juana in addition to evidence of the relatively short well-beaten path from his property to the contraband, particularly when there was no evidence that others outside his immediate household had equal opportunity to commit the crime. See *Parker v. State*, 118 Ga. App. 837 (166 SE2d 41) (1968).

Childers argues that the facts in the instant case are closely akin to the facts discussed in *Shreve v. State*, 172 Ga. App. 190 (322 SE2d 362) (1984), where we applied the equal access rule and reversed the conviction for possession of marijuana because the evidence showed that a number of other persons were living or had personal property in close proximity to the contraband and exercised as much control over the premises as the defendant. See id. at 191-192. "It is true that ' "(m)erely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." (Cit.)' [Cit.]" *Blitch*, supra at 488. However, Childers has not cited any evidence, nor did our review of the record reveal any, connecting Childers' neighbors to his property, the debris or the marijuana plants.

Moreover, "it was undisputed that [Childers] was the owner or [lessee] of the [mobile home], raising a rebuttable presumption that the [marijuana was] his. [Cit.]" *Fain v. State*, 211 Ga. App. 399, 401 (1) (439 SE2d 64) (1993). "[Childers'] wife was the only other adult who was shown to have access to the [mobile home]. It is clear, however, that the evidence that [Childers'] wife had access to the premises does not demand a finding that the presumption as against [Childers] had been rebutted. The presumption as against the owner or lessee is only rebutted by evidence that persons other than the defendant *and members of his immediate household* had equal opportunity to commit the crime. Since [Childers'] wife was a member of [his] immediate household, it follows that evidence of her access would not be sufficient to rebut, as a matter of law, the initial presumption which arose against [Childers] and that such evidence would not demand [his] acquittal under the equal access rule. Instead, the totality of the evidence was such as to be inculpatory of [Childers'] wife without being exculpatory of [Childers] because the jury was authorized to find that they had shared non-exclusive and joint possession of the [marijuana plants]. . . ." (Citations and punctuation omitted.) *Mobley v. State*, 190 Ga. App. 771, 772-773 (1) (380 SE2d 290) (1989).

"There is no requirement that the State must in every case prove that contraband was in the *exclusive* possession of one who is otherwise shown to be the owner or lessee of the premises. While evidence that the defendant-owner or lessee shared the premises with another does not demand a conviction, it may nevertheless authorize the jury,

as the trior of fact, to find that the defendant was in at least *joint* possession of the contraband. In the present case, the presumption that arose against [Childers] as the owner or lessee of the premises was not rebutted as a matter of law and '(t)he jury was authorized to find that [he] had at least joint possession of the [marijuana]. (Cits.)' [Cit.]" Id. at 773. Furthermore, Childers erroneously concluded that the jury expressed reasonable doubt as to his wife's guilt; therefore, his conviction, based on the same evidence, was not authorized under *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). The record shows, to the contrary, that the jury never actually rendered a verdict for or against the wife but merely informed the trial court that it had reached a verdict as to Childers but had "some doubt" as to Mrs. Childers and needed clarification to continue deliberating. At that point, the State decided to accept the verdict on Childers and to enter a nolle prosequi in the case against Mrs. Childers. Thus, Childers' argument is without merit.

Based on the foregoing, we find that the evidence was sufficient to enable a rational trier of fact to find Childers guilty of manufacturing marijuana beyond a reasonable doubt. Id.; *Parker*, supra. Accordingly, the trial court did not err in denying his motion for new trial.

2. Childers enumerates as error the court's charge on the beaten path doctrine. However, Childers "waived the right to enumerate the jury charge as error when upon inquiry by the trial court he neither objected to the charge as given nor reserved the right to later object. [Cits.]" *Williams v. State*, 199 Ga. App. 544, 545 (2) (405 SE2d 539) (1991).

*Judgment affirmed. Beasley, C. J., and Pope, P. J., concur.*

DECIDED SEPTEMBER 6, 1995.

*Bruce S. Harvey, W. (Pete) C. Whitlock, Jr., W. Sander Callahan,* for appellant.

Raymond P. Childers, *pro se.*

*Roger Queen, District Attorney,* for appellee.