## A97A1090. LOVE v. THE STATE.
### (490 SE2d 527)

BLACKBURN, Judge.

Jerry Love appeals his conviction of misdemeanor possession of marijuana. Love was indicted on charges of manufacture of marijuana, possession of a firearm by a convicted felon, and possession of marijuana. At trial, the jury found Love not guilty of manufacturing marijuana and possession of a firearm by a convicted felon, but found him guilty of possessing marijuana. Love contends that the trial court erred in denying his motion for directed verdict of acquittal and that the evidence was insufficient to support the verdict.

As a general rule, "a motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law." Taylor v. State, 252 Ga. 125, 127 (1) (312 SE2d 311) (1984). However, the test established in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." Humphrey v. State, 252 Ga. 525, 527 (1) (314 SE2d 436) (1984). On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Grant v. State, 195 Ga. App. 463, 464 (393 SE2d 737) (1990). Furthermore, "[o]n appeal of the overruling of a motion for directed verdict, an appellate court can consider all relevant evidence of record whether presented before or after the motion was made." (Citations and punctuation omitted.) Jackson v. State, 222 Ga. App. 843, 848 (6) (476 SE2d 615) (1996).

At trial, Agent Bramlett with the Northeast Georgia Drug Task Force testified that a bag containing marijuana was recovered from

the bathroom cabinet in the back corner of Jerry Love's trailer. Love and his 16-year-old son lived in the trailer. Love's son testified that he did not know anything about the marijuana in the bathroom. On appeal, Love argues that the evidence was insufficient to authorize his conviction because he was not the only one with access to the bathroom.

"The equal access defense is based on the rule that merely finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. For the equal access rule to rebut the inference of defendant's possession of contraband, affirmative evidence must be presented that a person other than the defendant had equal access to the premises where the contraband was found." (Citation and punctuation omitted.) *Andrews v. State*, 219 Ga. App. 808, 809 (466 SE2d 909) (1996).

"[I]t was undisputed that [Love] was the owner or lessee of the mobile home, raising a rebuttable presumption that the marijuana was his. [Love's son] was the only other [person]'who was shown to have access to the mobile home. It is clear, however, that the evidence that [Love's son] had access to the premises does not demand a finding that the presumption as against [Love] had been rebutted. The presumption as against the owner or lessee is only rebutted by evidence that persons other than the defendant *and members of his immediate household* had equal opportunity to commit the crime. Since [Love's son] was a member of his immediate household, it follows that evidence of [his] access would not be sufficient to rebut, as a matter of law, the initial presumption which arose against [Love] and that such evidence would not demand his acquittal under the equal access rule." (Citations and punctuation omitted; emphasis in original.) *Childers v. State*, 218 Ga. App. 457, 458 (462 SE2d 412) (1995).

Furthermore, "[t]here is no requirement that the State must in every case prove that contraband was in the *exclusive* possession of one who is otherwise shown to be the owner or lessee of the premises. While evidence that the defendant-owner or lessee shared the premises with another does not demand a conviction, it may nevertheless authorize the jury, as the trior of fact, to find that the defendant was in at least *joint* possession of the contraband." (Citation and punctuation omitted.) Id. at 458-459 (1).

As the jury was authorized to find that Love and his son were in joint constructive possession of the marijuana, Love's conviction was supported by the evidence under the *Jackson v. Virginia* standard. See *Garvey v. State*, 176 Ga. App. 268, 275 (6) (335 SE2d 640) (1985) (evidence authorizing finding of joint constructive possession of con-

traband).

·*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED JULY 30, 1997.

*Douglas L. Henry*, for appellant.
*Michael H. Crawford, District Attorney*, for appellee.