## A98A0380. WILSON v. THE STATE.
(499 SE2d 911)

BLACKBURN, Judge.

Vincent J. Wilson appeals his conviction for possession of cocaine with intent to distribute. He contends the trial court erred in denying his motion for directed verdict because the evidence was insufficient to show he constructively possessed the cocaine. He also argues the court erred by allowing testimony regarding a prior conviction. Finally, Wilson claims the court should have granted his motion for new trial because his counsel was ineffective. For the reasons discussed below, we affirm.

On August 3, 1996, police officers spotted a suspected stolen car parked at 1012 Calvin Avenue, an apartment complex. As they were confirming that the car was stolen, the officers saw Wilson leave the apartment building. When they asked Wilson if he owned the car, he denied ownership, saying the car belonged to his cousin, a man later identified as Edward Townsend. Wilson told the officers that Townsend was inside the apartment. Wilson appeared "very nervous, sweating." Wilson told the officers that he also lived inside the apartment and gave them permission to enter so they could question Townsend.

The officers found Townsend in the apartment bathroom. From

just outside the bathroom, one officer saw a razor blade and two yellow lumps of what appeared to be crack cocaine on the sill of the open bathroom window. Upon noticing that the window screen was missing, the officer looked outside and saw on the ground just beneath the window several clear plastic packets containing suspected crack cocaine. The officers retrieved 30 individually packaged "rocks" which tested positive for cocaine. Although Wilson did not state that the cocaine was his, he gave a statement to police naming his cocaine supplier and said he would work with the police "in an effort to better himself." Townsend, with whom Wilson was jointly indicted, pled guilty to possession with intent to distribute.

After obtaining a written consent to search from Townsend, the officers located a lease agreement showing that Townsend and Wilson had both rented the apartment on June 20, 1996. Wilson testified that although he and Townsend rented the apartment together, he decided to move because he and Townsend shared the same parole officer, who would not let them live together. When cross-examined on this point, Wilson admitted he was on parole from a conviction for possession of cocaine. Wilson testified that he lived with his girl friend at the time of the incident.

1. Wilson first contends he was entitled to a directed verdict because the evidence was insufficient to support a finding that he was in constructive possession of cocaine. "[T]he test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979) is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence. On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. Furthermore, on appeal of the overruling of a motion for directed verdict, an appellate court can consider all relevant evidence of record whether presented before or after the motion was made." (Citations and punctuation omitted.) *Love v. State*, 227 Ga. App. 772 (490 SE2d 527) (1997); see also *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990).

Possession of contraband may be joint or exclusive, and actual or constructive. *Lowe v. State*, 223 Ga. App. 172, 173 (477 SE2d 341) (1996). Although Wilson testified that he did not in fact live in the apartment at the time of the incident, the State presented evidence that he admitted to police that he did live there. In addition, the State presented evidence that Wilson and Townsend were both named as lessees on the lease. Because the State presented evidence

that Wilson was a lessee and occupant of the apartment in which the cocaine was found, this raised a rebuttable presumption that Wilson possessed the cocaine. *Love*, supra at 773; *Whitfield v. State*, 217 Ga. App. 402, 405 (3) (457 SE2d 682) (1995). Because Townsend was a member of Wilson's immediate household, evidence of his access is not sufficient, as a matter of law, to rebut the presumption against Wilson and, therefore, does not demand an acquittal under the equal access rule. *Love*, supra at 773.

"Furthermore, there is no requirement that the State must in every case prove that contraband was in the *exclusive* possession of one who is shown to be the owner or lessee of the premises. While evidence that the defendant-owner or lessee shared the premises with another does not demand a conviction, it may nevertheless authorize the jury, as the trior of fact, to find that the defendant was in at least *joint* possession of the contraband." (Punctuation omitted.) *Love*, supra at 773. Thus, the jury was entitled to find that Wilson and Townsend were in joint constructive possession of the cocaine. This evidence is sufficient to meet the standard of proof required by *Jackson v. Virginia*, supra, and the trial court therefore did not err in denying Wilson's motion for a directed verdict of acquittal. *Love*, supra at 773; *Lowe*, supra at 173.

2. Wilson testified at trial that he did not live in the apartment at the time of the incident. To support this claim, he testified that his parole officer would not let him live with Townsend, another parolee. On cross-examination, the State asked Wilson what he was on parole for. After the trial court overruled Wilson's objection, Wilson stated that he was on parole for a prior conviction of possessing cocaine. On appeal, Wilson contends the trial court erred in allowing this evidence of his bad character.

This contention is without merit. Assuming that Wilson did not, merely by volunteering that he was on parole, place his character "in issue" within the meaning of OCGA § 24-9-20 (b) so as to permit rebuttal by the State, he nevertheless subjected himself to a thorough and sifting cross-examination by the State on that point. *Weston v. State*, 216 Ga. App. 806 (456 SE2d 214) (1995); *Dowdy v. State*, 209 Ga. App. 95, 96 (2) (432 SE2d 827) (1993). Such cross-examination was material because Wilson was attempting to use this testimony to support his claim that he did not reside at the apartment even though his name was on the lease. Accordingly, the prosecutor was entitled to inquire into the circumstances regarding Wilson's claimed parole, and the trial court did not err in allowing this evidence or in denying Wilson's motion for a mistrial.

3. Wilson contends that the trial court erred in denying his motion for new trial on the grounds of ineffective assistance of counsel. Wilson's brief refers to testimony of his trial attorney at the hear-

ing on the motion for new trial, but the record on appeal includes no transcript of that hearing. Nor did Wilson indicate in his notice of appeal that such a transcript was to be included with the record. Therefore, "we must presume that [Wilson] failed to meet his burden of proving the ineffectiveness of his trial counsel and that the trial court correctly denied the motion for new trial on this ground." *Sorrells v. State*, 267 Ga. 236, 241 (476 SE2d 571) (1996).

*Judgment affirmed. McMurray, P. J., and Eldridge, J., concur.*

DECIDED MARCH 24, 1998.

*William D. Kelly, Jr.*, for appellant.
*J. Gray Conger*, District Attorney, *Melvin E. Hyde, Jr.*, Assistant District Attorney, for appellee.