## A98A0177. WARREN v. THE STATE.
### (502 SE2d 336)

RUFFIN, Judge.

A jury found Kelvin Warren guilty of obscene and abusive language, aggravated assault upon a police officer, and obstruction of a police officer. Warren appeals, arguing that the evidence was insufficient to convict him of aggravated assault. Warren also asserts that the trial court erred in denying his motions for a continuance, a directed verdict, and a mistrial. Finally, Warren asserts that the trial court improperly admitted similar transaction evidence and confused the jury during deliberations. For the following reasons, we affirm.

1. Before reaching the merits of this appeal, we note that Warren's appellate counsel violated Court of Appeals Rule 26 (a) by failing to file timely the brief and enumerations of error in this case. Such violations may subject the criminal appeal to dismissal and the offender to contempt. Court of Appeals Rules 7 and 13. We stress that compliance with our rules is not discretionary, but mandatory. Furthermore, we will not tolerate violations of the rules without good cause shown, and sanctions will be imposed where appropriate.

2. Turning to the merits of the appeal, we conclude that there was sufficient evidence to find Warren guilty of aggravated assault. " 'On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant . . . no longer enjoys a presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Conflicts in the testimony of the witnesses, including the State's witnesses, [are] a matter of credibility for the jury to resolve. As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.' [Cit.]" *Howard v. State*, 227 Ga. App. 5, 8 (6) (a) (488 SE2d 489) (1997).

Viewed in this light, the evidence shows that during the late evening of March 30, 1996, Assistant Chief L. C. Cooper of the Dawson Police Department investigated a report of an assault and attempted

robbery. Cooper contacted the victim and drove him around the area to see if he could spot his attackers. The victim saw three men that resembled his attackers walking down a street and Cooper called them over to his patrol car. Two of the men complied with Cooper's request, but Warren, the third man, kept walking. Cooper called for back-up, and Officers Ned Broussard and Charles Ashley responded to the call. Ashley proceeded after Warren in order to detain him so he could be identified.

Ashley testified at trial that he asked Warren to stop on several occasions, but Warren refused to comply. According to Ashley, as he approached Warren, he placed his right hand on Warren's shoulder. Warren then turned around and hit Ashley in the head. A struggle ensued with Ashley attempting to subdue Warren. Ashley said that during this struggle, Officer Cooper approached and sprayed Warren with a kind of pepper spray. However, Warren continued to resist, and when both Cooper and Ashley tried to tackle Warren, all three individuals fell to the ground. Ashley testified that he landed underneath Warren, who had Cooper on top of him. At that moment, Ashley saw Warren pointing Ashley's service pistol in Ashley's face. Ashley quickly twisted the gun out of Warren's hand and reholstered it. Eventually, Cooper, Broussard and Ashley were able to handcuff Warren, who continued to struggle, and drag him to a police car. Warren cursed at the officers during the struggle and continued to curse until they arrived at the jail. Ashley denied ever hitting Warren.

Cooper and Broussard both testified, corroborating Ashley's testimony concerning Warren's assault and that Warren fought and struggled with and cursed at them. Specifically, Cooper testified that Ashley called for assistance in subduing Warren and that when he arrived on the scene, he saw Warren punching Ashley. Cooper further testified that he never saw Ashley hit Warren and he also denied hitting Warren. Although Cooper and Broussard stated that they did not see Warren pointing a gun at Ashley, they acknowledged that it was a dark evening.

Warren called Michael Wright as a witness, who said that he saw the incident that evening. According to Wright, the police followed Warren and when Warren turned around, the officers rushed him. He testified that he saw the police hit Warren.

Warren also testified, claiming that the police came up behind him and punched him in the eye as he turned around. He admitted resisting the officers, but only because he believed they were arresting him without cause. Warren denied touching Officer Ashley's gun.

"[A]fter viewing the evidence in the light most favorable to support the jury's verdict, we conclude that on this record there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that [Warren] was guilty of aggravated assault [of a police

officer, namely Ashley]. See *Jackson v. Virginia,* supra." *Osborne v. State,* 228 Ga. App. 758, 760 (492 SE2d 732) (1997).

3. Warren asserts that the trial court erred in denying his motion for continuance, which in turn resulted in Warren being denied effective assistance of counsel. The record shows that defense counsel requested a continuance because Warren did not give counsel a list of the defense witnesses until a week before trial and counsel had not had the opportunity to speak with all the witnesses. However, it is clear from the record that the same attorney who filed Warren's motion for a speedy trial on June 24, 1996 also represented Warren at his trial on February 7, 1997. Thus, Warren and his trial counsel had over six months to prepare for the trial of this case.

(a) " '[A] motion for a continuance predicated on the basis of counsel's lack of preparation for trial addresses itself to the sound discretion of the trial court and a ruling denying such a motion will not be interfered with unless the court has abused its discretion in denying the motion.' [Cit.]" *Aleman v. State,* 227 Ga. App. 607, 610 (2) (a) (489 SE2d 867) (1997). Given the length of time in which Warren and defense counsel had to prepare for trial, we do not find that the trial court abused its discretion in denying a motion for continuance to afford counsel additional preparation time. Moreover, Warren "has not suggested any evidence or witness or any matter whatsoever which he could have produced in defense if he had had more 'time to prepare.' " *Scroggins v. State,* 198 Ga. App. 29, 37 (2) (401 SE2d 13) (1990).

(b) Warren has also failed to show how his counsel was ineffective. "Besides his bare assertion that he received ineffective assistance due to the denial of his motion for continuance, he does not support his argument by pointing to even a single act or omission of his counsel at trial which he contends was deficient and resulted directly from the denial of his motion." *Aleman,* supra at 611. Accordingly, the trial court did not err in denying the motion for continuance.

4. Warren claims that the trial court erred in denying his motion for directed verdict as to all counts made at the close of the State's case. " 'A defendant is entitled to a directed verdict only where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom demands a verdict of not guilty. (Cits.) If there is any evidence of guilt such that an acquittal is not demanded as a matter of law, it is for the jury to decide the case. . . .' [Cit.]" *Parrish v. State,* 182 Ga. App. 247, 249 (5) (355 SE2d 682) (1987).

In Division 2, we found that there was sufficient evidence to find Warren guilty beyond a reasonable doubt of aggravated assault. We further conclude that there was sufficient evidence to convict Warren

of using obscene language and obstruction of the officers. See *Jackson v. Virginia*, supra; *Howard*, supra. In fact, Warren does not even contest on appeal the sufficiency of the evidence in these latter two convictions. Accordingly, a directed verdict was not warranted as the evidence clearly did not demand a verdict of not guilty. *Parrish*, supra.

5. Warren claims that the trial court erred in failing to grant his motion for mistrial after the prosecution cross-examined him regarding a prior aggravated assault charge of which he was acquitted.

During cross-examination, Warren testified that the police harassed him and that he "felt like [his] life was in danger of the police." Warren further testified that the police told lies in order to incriminate him, and they were the reason he was in state prison. The prosecution then inquired why he was in state prison, and he said because he had violated probation. The prosecution then asked Warren if he knew Maggie Martin, a person against whom Warren committed acts of terroristic threats and aggravated assault. At this point, defense counsel objected and moved for mistrial, arguing that the State improperly mentioned the aggravated assault charge of which Warren was acquitted. The trial court denied the motion for mistrial, but gave curative instructions advising the jury to only consider offenses of which Warren had previously been convicted. Thereafter, Warren did not seek further instructions, nor did he renew his motion for mistrial.

" 'Where illegal evidence is admitted at trial, it is not error to refuse the grant of mistrial if the illegal or harmful testimony can be corrected by proper instructions to the jury. . . . (Cits.) The decision not to declare a mistrial is within the discretion of the trial court, and this discretion should not be interfered with unless manifestly abused.' [Cit.] Where the trial judge gives corrective instructions and thereafter counsel fails to request further instruction or renew his motion for mistrial, an enumeration addressed to such ground is without merit. [Cit.]" *Chandler v. State*, 143 Ga. App. 608, 609 (2) (239 SE2d 158) (1977).

Because Warren failed to renew his motion or request further instructions, his assertion on appeal is without merit. See id. Furthermore, even had Warren acted to secure this issue for appeal, he has failed to show how the trial court abused its discretion in denying the motion or how he was harmed by the court's decision. "Both error and harm must be shown affirmatively by the record to authorize a reversal on appeal. [Cit.]" *Robinson v. State*, 212 Ga. App. 613, 616 (2) (442 SE2d 901) (1994).

6. Warren argues that the State did not give him notice of its intention to introduce at trial the terroristic acts conviction as a similar transaction. The State responds that it did not introduce similar

transaction evidence, but was merely cross-examining Warren regarding statements he made about harassment by police and the fact he was in prison because of the police. We agree with the State's position.

"'[W]here the defendant testifies and admits prior criminal conduct, he has not placed his character "in issue" within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State on cross-examination. (Cit.)' [Cit.]" *Weston v. State*, 216 Ga. App. 806 (456 SE2d 214) (1995). Warren's statement that he was in state prison permitted the State to inquire into this issue. Id. See also *Dowdy v. State*, 209 Ga. App. 95 (2) (432 SE2d 827) (1993) (criminal defendant's inadvertent statement that he was on parole could be fully explored by State, including the crime giving rise to it). Even Warren's counsel admitted at trial that the State "had every right to go into the terroristic threats [conviction]." Accordingly, the trial court did not err in allowing the State's cross-examination to proceed on this matter.

7. In his last enumeration of error, Warren states that "[t]he jury was confused regarding the verdict form and said finding on the verdict form was not the finding of the jury." The record shows that under the aggravated assault count on the verdict form were listed two lesser included offenses, reckless endangerment and simple battery. The jury returned a verdict in which it incorrectly marked two counts under the aggravated assault count. After the trial court clarified to the jury what they were required to do, the jury went back to the jury room and returned with only the aggravated assault charge marked guilty. The jury was polled and all the jurors said the verdict was unanimous.

Warren argues on appeal that the trial court's clarification confused the jury. However, Warren fails to state how the court's statement confused the jury and how he was harmed. Accordingly, we find no error in the trial court's clarification to the jury.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED MAY 7, 1998.

*Ralph L. Phillips*, for appellant.
*Charles M. Ferguson, District Attorney, Keith W. Day, Assistant District Attorney*, for appellee.