### A99A2402. ELY v. THE STATE.
(528 SE2d 532)

PHIPPS, Judge.

Curtis E. Ely and his wife were jointly indicted and convicted of the manufacture and possession of marijuana. On appeal, Ely chal-

lenges the sufficiency of the evidence to support the verdict, claiming the State's circumstantial evidence fails to exclude every reasonable hypothesis except his guilt. Viewed in the light most favorable to the prosecution, we find the evidence was sufficient for a rational trier of fact to find guilt beyond a reasonable doubt and affirm Ely's conviction.

Barry Burkhalter informed his nephew, Tim Burkhalter, an officer with the Floyd County Sheriff's Department, that he believed marijuana plants were growing on his property. Officer Burkhalter, with Investigators Bob Couey and Mike Tison, went to the property to locate the marijuana. After walking around the property for an hour, they located two buckets containing marijuana plants on the other side of a barbed wire fence. One of the plants was in a white five-gallon bucket, and the other was in a black plastic planting pot. Two dogs were tied in the vicinity of the plants and barked as the men approached. Looking over the fence, the officers were able to see the mobile home on the other side where Ely lived with his wife and his 18-year-old son.

To reach the marijuana plants, the officers drove around to Doyle Road, near Ely's mobile home. They knocked on both doors of the Ely residence and determined that no one was home. They noticed several black plastic planting pots stacked outside of the mobile home. Officer Burkhalter then climbed a dirt bank behind the residence, followed a small trail past the barking and growling dogs, and picked up the two marijuana plants. Investigator Couey left his business card on Ely's front door with a message notifying them that he had recovered marijuana plants and asking them to contact him.

When Ely came in to talk to Investigator Couey, he denied any knowledge of the marijuana plants. Ely admitted that the dogs were his, that they were vicious, and that they were tied on the same property where the marijuana was located but denied that it was his property.

Investigator Couey testified that there were several trails coming from behind Ely's home that went in different directions into the area where the dogs and plants were located. He also testified that the whole area was beaten down where the dogs were allowed to run but grown up on either side of the dogs and the plants. He never determined who owned the property where the dogs and the marijuana were located but believed the dogs were placed there to guard the marijuana plants and notify the residents of Ely's home if someone was behind the house.

Investigator Couey testified that he could see the plants from the back of Ely's mobile home and estimated that they were found approximately 20-25 yards from the back porch. To get to the plants from Burkhalter's house, someone would have to climb over a barbed

wire fence and walk through a briar patch.

Ely testified that he kept his dogs on Barry Burkhalter's property with Burkhalter's permission. He denied ever seeing marijuana growing in that area and denied that he had ever seen marijuana growing except in books. Ely explained that the black plastic gardening buckets came from his brother-in-law, a landscaper. Ely's wife sold the buckets at yard sales. Ely testified that his son fed the dogs most of the time and that they used a five-gallon bucket to water them.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[1] Questions regarding the reasonableness of hypotheses are generally decided by the jury hearing the evidence, and a finding that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis except guilt will be upheld unless the guilty verdict is insupportable as a matter of law.[2]

Ely contends the State failed to establish a sufficient connection between him and the marijuana plants.

> "[T]he 'beaten path' doctrine . . . allows connection of contraband found in close vicinity to a house so as to authorize rational jurors to conclude beyond [a] reasonable doubt that the primary resident of that house owned or had control over the contraband. (Cits.)" [Cit.][3]

The fact that the contraband is found on property adjacent to the defendant's property will not preclude a conviction for possession of the contraband.[4] Given the proximity of the plants to Ely's residence and the placement of the vicious dogs, the jury was authorized to conclude that Ely owned or had control over the marijuana plants.

Ely contends that his son, Burkhalter, and others had equal access to the marijuana plants and equal opportunity to commit the crime. Under the equal access rule, finding contraband on premises occupied by a defendant is not sufficient to support a conviction if it is affirmatively shown that persons other than the defendant had equal access or opportunity to commit the crime.[5] But the equal access rule applies only if persons other than the defendant and members of his immediate household had equal opportunity to com-

---

[1] OCGA § 24-4-6.
[2] *Robbins v. State*, 269 Ga. 500, 501 (1) (499 SE2d 323) (1998).
[3] *Blitch v. State*, 188 Ga. App. 487, 488-489 (373 SE2d 227) (1988).
[4] *Childers v. State*, 218 Ga. App. 457 (1) (462 SE2d 412) (1995).
[5] *Prescott v. State*, 164 Ga. App. 671, 673 (2) (297 SE2d 362) (1982).

mit the crime.[6] Other than Ely and his wife, Ely's son, a member of his immediate household, was the only person shown to have equal access to the marijuana plants. The evidence supports a finding that Burkhalter's access was not equal to Ely's. There was no evidence that anyone else had equal access to the area where the plants were located.

Viewed in the light most favorable to the prosecution,[7] the evidence, although circumstantial, was sufficient to support the guilty verdict for the manufacture and possession of marijuana.

*Judgment affirmed. Johnson, C. J., and McMurray, P. J., concur.*

DECIDED JANUARY 20, 2000.

*John F. McClellan, Jr.*, for appellant.
*Tambra P. Colston, District Attorney, Martha P. Jacobs, Assistant District Attorney*, for appellee.

